POMALES, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Guayama.

No. 149.—Resuelto en junio 28, 1913.

RECURSO GUBERNATIVO—DOCUMENTOS NO PRESENTADOS AL REGISTRO.—En la resolución de un recurso gubernativo este tribunal no puede tomar en considera-

ción documentos. que no consten que han sido presentados en el registro y que fueron considerados por el registrador al poner la nota recurrida.

ID.—SEGUNDO RECURSO.—Resuelto por esta corte un recurso gubernativo no puede luego volverse a plantear la misma cuestión por medio de un segundo recurso fundado en los mismo documentos que sirvieron de base al primer recurso.

Los hechos están expresados en la opinión.

Adogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador, Don Felipe Cuchí, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En dos de abril de este año el Registrador de la Propiedad de Guayama denegó la inscripción de una escritura de venta otorgada a favor de Maximino Pomales por Ramón Vázquez como márshal y en nombre de la Sucesión de Pedro García, fundándose para ello en dos defectos de los cuales uno fué, que la finca vendida no aparecía inscrita en el registro a nombre de la Sucesión de Pedro García. Establecido recurso gubernativo por Pomales contra esta negativa de inscripción, esta Corte Suprema en resolución del día 2 del presente mes de junio, los resolvió confirmando la negativa del registrador por el defecto expresado. *Pomales v. El Registrador,* (pág. 637).

Algunos días después dicho título de compraventa fué presentado nuevamente al mismo registro para su inscripción y el registrador volvió a negarla por el mismo defecto de falta de inscripción a que hemos hecho referencia. Establecido nuevamente recurso contra esa nota, en él se nos han presentado por el recurrente además del título denegado, dos certificaciones libradas, una por el secretario de la Corte Municipal del Distrito Judicial Municipal de Salinas, y la otra por el secretario de la Corte de Distrito de Guayama y también una declaración jurada (*affidavit*). En estas certificaciones y declaración se apoya únicamente el recurrente para solicitar que revoquemos la expresada nota denegatoria, contra la cual ha recurrido ahora.

De la nota de presentación puesta por el registrador en el título no aparece que con él se le presentaran las certificaciones y declaración jurada que ahora nos presenta el recurrente, ni de ellas aparece constancia alguna por la cual podamos venir a la conclusión de que en verdad fueron presentadas al registrador con el título, de modo que no sabemos si el registrador las tuvo bajo su consideración cuando estampó la segunda nota denegatoria.  Para que nosotros podamos decidir que el registrador cometió error en la nota recurrida es necesario que tengamos en cuenta los mismos datos que tuvo él para resolverla y no podemos, por tanto, tomar en consideración documentos que no nos consta se le presentaran a él y, por consiguiente, hemos de prescindir de las certificaciones y declaración jurada que nos ha presentado el recurrente, en vista de la razón indicada.  *Calenti* v. *El Registrador,* 12 D. P. R., 8, y *Cadilla* v. *El Registrador,* (pág. 80).

Prescindiendo, pues, de tales documentos y ateniéndonos solamente al título de venta, que parece fué el único que tuvo presente el registrador, tenemos que, de acuerdo con lo resuelto por nosotros en el caso de *Roig* v. *El Registrador,* 18 D. P. R., 11, no podemos volver a tratar la misma cuestión que ya fué resuelta por esta corte, porque la primera es ya ejecutoria y ha causado estado contra el recurrente Pomales.

La nota recurrida debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.