Ferreira, Peticionario, *v.* López, Juez de Distrito, Demandado.

Recurso de *certiorari* contra el Hon. José A. López Acosta, Juez de la Corte de Distrito de Guayama, en procedimiento sobre memorándum de costas.

No. 305.—Resuelto en enero 21, 1921.

Jurisdicción—Cortes Municipales—Memorandum de Costas y Honorarios—Juicio de Novo.—Careciendo una corte municipal de jurisdicción para resolver sobre los méritos de un memorándum de costas y honorarios concedidos por la corte de distrito en apelación procedente de dicha corte municipal, es preciso concluir que la apelación de la resolución de esta última declarándose sin jurisdicción en tal procedimiento, no puede surtir el efecto de otorgársela a la corte de distrito.

Id.—Id.—Quaere.—Si una corte de distrito puede dictar sentencia con inclusión de honorarios en cualquier caso, cualquiera que sea la suma envuelta.

Id.—Id.—Quaere.—Si la parte que obtiene sentencia· en la corte de distrito dictada en apelación procedente de la corte municipal, debe radicar su memorándum de costas dentro de diez días después de dictada la sentencia por la corte de distrito.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. C. Domínguez Rubio.*

. El Juez demandado no compareció.

Abogado del interventor: *Sr. T. Bernardini.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Pedro Pagán presentó una demanda contra Cervoni Díaz en la Corte Municipal de Guayama en cobro de la suma de $260.82. Para asegurar la efectividad de la sentencia que pudiera recaer obtuvo orden de embargo contra los bienes de la propiedad del deudor. Angel Ferreira alegó que algunos de los bienes así embargados pertenecían a él y presentó una tercería en el pleito justipreciando los bienes en $35.37. La corte municipal declaró sin lugar la tercería y dictó sentencia contra el tercerista sin especial condena de costas. El tercerista interpuso apelación a la Corte de Distrito de Guayama la que a su vez dictó sentencia a favor del demandante desestimando la tercería, e imponiendo al tercerista las costas, desembolsos y honorarios de abogado, por lo que Pedro Pagán, o sea el primitivo demandante radicó un pliego de desembolsos no en la Corte de Distrito de Guayama sino en la corte municipal. A este memorándum así radicado en la corte municipal, el susodicho tercerista, peticionario ante este tribunal, se opuso porque (*a*) no existía ley que autorizara la condena a pagar honorarios de abogado ante la corte municipal; (*b*) porque no existía ley que autorizara la condena a pagar honorarios de abogado en un pleito visto de nuevo en la corte de distrito; (*c*) porque la Corte de Distrito de Guayama no tenía facultades dentro de la ley para establecer la condena del peticionario de honorarios de abogado, y por otras razones que no es necesario especificar.

La corte municipal desestimó el memorándum de costas declarándose incompetente para dictar sentencia sobre dicho memorándum. Esta resolución de la corte municipal fué apelada a la Corte de Distrito de Guayama. Al ser oído el caso en la corte de distrito el peticionario se opuso a la concesión de honorarios, por el fundamento adicional de que

el pliego de honorarios no había sido radicado dentro de los diez días después de dictada la sentencia por la corte de distrito como exige la ley. La Corte de Distrito de Guayama emitió una extensa decisión u orden en la que resolvió que tenía jurisdicción para conocer del caso y señaló otro día para la discusión de la cuestión de si eran o no excesivos los honorarios de abogado.

Una cosa se ve inmediatamente con claridad y es que la Corte Municipal de Guayama no tenía jurisdicción para imponer honorarios por virtud de una sentencia dictada por la Corte de Distrito de Guayama. Fué, sin embargo, por la orden negándose a asumir jurisdicción del memorándum de costas que la cuestión de tal memorándum fué presentada a la Corte de Distrito de Guayama en apelación. Si la corte municipal no tenía facultades para conceder tales honorarios de abogado la Corte de Distrito de Guayama no podía adquirir facultades en apelación. No hay duda alguna de que la jurisdicción de la Corte de Distrito de Guayama fué invocada solamente por razón de la apelación. Esto aparece suficientemente de la orden de la corte señalando otro día para considerar el memorándum de costas y después en octubre 8, 1920, la Corte de Distrito de Guayama dictó sentencia en el caso así apelado fijando el memorándum en la suma de $82.

No discutiremos con la corte de distrito, aunque tenemos algunas dudas, la cuestión de si dicha corte puede en la actualidad dictar sentencia por honorarios en cualquier caso, no importa la suma que esté envuelta, basando en parte la corte su conclusión en el artículo 327 del Código de Enjuiciamiento Civil como fué enmendado por la Ley No. 38 de abril 12, 1917. Puede ser cierto que en un caso que esté debidamente ante ella la corte pueda dictar sentencia en apelaciones procedentes de las cortes municipales e imponer honorarios contra la parte vencida. Creemos que el peticionario tiene ra-

zón al alegar que el demandante debió haber radicado su memorándum de costas dentro de los diez días después de dictada la sentencia por la Corte de Distrito de Guayama como prescribe la ley.  No es necesario resolver esta cuestión absolutamente porque según hemos dicho la corte municipal carecía de jurisdicción para resolver sobre el memorándum de costas y la Corte de Distrito de Guayama no adquirió jurisdicción por virtud de la apelación.

La orden de septiembre 27, 1920, asumiendo jurisdicción del caso y la de octubre 8, 1920, por la cual se fija el memorándum de costas en la suma de $82, deben ser anuladas debiendo devolverse el caso a la Corte de Distrito de Guayama con instrucciones de que desestime la apelación.

> *Anuladas las órdenes por las cuales la corte*
> *de distrito asumió jurisdicción y concedió*
> *costas, y devuelto el caso con instrucciones*
> *de que se desestime el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.