El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.

---

AMY, DEMANDANTE Y APELANTE, *v.* APONTE, ET AL., DEMANDADOS Y APELADOS.

APELACIÓN, procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero (memorándum de costas.)

No. 2698.—Resuelto en julio 20, 1922.

APELACIONES PROCEDENTES DE CORTES MUNICIPALES—HONORARIOS DE ABOGADOS.— En las apelaciones procedentes de cortes municipales no procede la concesión de honorarios de abogado por servicios prestados en la corte inferior ni por los prestados en la de distrito con motivo de la apelación.

ID.—COSTAS EN APELACIÓN.—El artículo 333 del Código de Enjuiciamiento Civil que regula la concesión de costas en apelación subsiste actualmente con el mismo alcance que tenía en 1904 cuando regía en su forma original el artículo 327 del propio código.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni.*

Abogado de los apelados: *Sr. T. Bernardini.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

En la Corte Municipal de Guayama se siguió este pleito en cobro de cuatrocientos dólares. Dictada sentencia, fué apelada para ante la corte de distrito, cuyo tribunal dictó a su vez sentencia condenando a los demandados a pagar al demandante la suma reclamada, con más los intereses legales y las costas y desembolsos.

La parte victoriosa archivó un memorándum de costas ascendente a $573, de los cuales $500 se reclamaban como honorarios de abogados. La parte vencida impugnó el memorándum y la corte de distrito lo aprobó finalmente eliminando la partida de honorarios por entender que no estaba autorizada para concederlos. El demandante apeló de esa resolución de la corte para ante este tribunal.

El artículo 327 del Código de Enjuiciamiento Civil, tal como fué redactado originalmente, decía:

"La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso o tácito de las partes; * * * ."

Luego, en 1908, dicho artículo se enmendó, en lo pertinente a la cuestión aquí envuelta, así:

" * * * En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de quinientos dollars, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios * * * ."

Y el 1917, dicho artículo volvió a ser enmendado, en dicho particular, así:

" * * * En todos los casos en que se haya concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; * * * ."

Basándose en el artículo 327 tal como rige en la actualidad y en el artículo 333 del propio Código de Enjuiciamiento Civil, el apelante alega que tiene derecho a los honorarios y por lo tanto que la corte de distrito erró al decidir que carecía de autoridad para concederlos.

El artículo 333 invocado dice así:

"Art. 333.—Las costas de una apelación quedan a la discreción de la corte en los casos siguientes:

"1. Cuando se ordena un nuevo juicio.

"2. Cuando se modifica un fallo.

"En los demás casos la parte en cuyo favor se decida el recurso recobrará las costas incluyendo las causadas en la corte inferior, cuando se hubiere establecido la apelación para ante la corte de distrito."

Se admite que la corte municipal no tiene autoridad para' conceder honorarios, pero se sostiene que una vez que el pleito se apela, la corte de distrito la tiene para imponerlos.

En el caso de *Ferreira* v. *López, Juez de Distrito*, 29 D. P. R. 34, 36, se dijo:

"No discutiremos con la corte de distrito, aunque tenemos algunas dudas, la cuestión de si dicha corte puede en la actualidad dictar sentencia por honorarios en cualquier caso, no importa la suma que esté envuelta, basando en parte la corte su conclusión en el artículo 327 del Código de Enjuiciamiento Civil como fué enmendado por la Ley No. 38 de abril 12, 1917. Puede ser cierto que en un caso que esté debidamente ante ella la corte pueda dictar sentencia en apelaciones procedentes de las cortes municipales e imponer honorarios contra la parte vencida."

Debemos ahora disipar nuestras dudas, ya que la cuestión está directamente envuelta.

De acuerdo con la ley vigente, los pleitos apelados para ante ella se juzgan de nuevo en la corte de distrito.

"En un juicio *de novo*," dice Cyc, resumiendo la jurisprudencia, "la sentencia de la corte inferior no es revocada o confirmada, sino que se dicta una sentencia nueva, distinta, tal como lo requieran los méritos demostrados en el juicio." Pero inmediatamente agrega: "La jurisdicción adquirida por la corte es, sin embargo, de apelación, y no podrá dictar una sentencia que no hubiera podido ser dictada por la corte inferior." 24 Cyc 750.

Siendo esto así, nos parece claro que en cuanto a honorarios por el trabajo realizado en la corte municipal, admitiéndose como se admite que dicha corte no hubiera podido imponerlos, es necesario concluir que tampoco puede concederlos la corte de distrito en apelación.

Resta considerar si la corte de distrito puede o no conceder honorarios por el trabajo realizado en ella, durante el nuevo juicio.

Dice Corpus Juris, resumiendo también la jurisprudencia, así:

"La concesión de honorarios en apelación no está autorizada a menos que la permita el estatuto o sea acordada por estipulación de las partes. En algunas jurisdicciones se ha resuelto, sin embargo, que los estatutos o las reglas de la corte, autorizan la concesión. Pero una parte que pide tales honorarios, debe demostrar que su caso está comprendido dentro de los términos del estatuto." 15 C. J. 274.

No puede negarse fuerza al argumento de la parte apelada, pero una consideración detenida de las reformas hechas por la Legislatura en el artículo 327 del Código de Enjuiciamiento Civil, demuestra que su atención estuvo fija en las acciones tramitadas originalmente en las cortes de distrito y no en los asuntos apelados para ante ellas. Primero se modificó la ley que dejaba los honorarios al acuerdo de las partes, en el sentido de que pudieran concederse dichos honorarios por la corte cuando la cuantía de la cosa litigiosa excediera de quinientos dólares. Esta medida dejaba fuera de la concesión de honorarios los pleitos en los que no había envuelta cuantía y para comprenderlos se hizo la enmienda de 1917. En uno y otro caso la ley se refiere a pleitos originados en la corte de distrito.

Tratándose de costas, no debe darse una interpretación extensiva al estatuto. La ley debe conceder una autorización expresa.

En cuanto al artículo 333 del Código de Enjuiciamiento Civil, subsiste hoy con el mismo alcance que tenía en 1904 cuando regía en su forma original el artículo 327 del propio código. Y la corte de distrito en este caso ordenó a la parte vencida que reintegrara a la parte victoriosa los derechos legales que había satisfecho en la corte municipal y los desembolsos verificados con motivo del pleito.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

. Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.