ULISES ROMÁN BORGES, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 698.—*Sometido:* Diciembre 13, 1927.  *Resuelto:* Diciembre 24, 1927

1. RECURSOS GUBERNATIVOS—REVISIÓN—CUESTIONES A CONSIDERAR Y RESOLVER—DOCUMENTOS A CONSIDERAR—DOCUMENTOS NO PRESENTADOS AL REGISTRADOR.—En los recursos gubernativos, el Supremo no tomará en consideración ningún documento que no le fué presentado al registrador de la propiedad.

2. CORTES—NATURALEZA, EXTENSIÓN Y EJERCICIO DE LA JURISDICCIÓN EN GENERAL—PRESUNCIÓN DE JURISDICCIÓN—CORTES DE JURISDICCIÓN INFERIOR LIMITADA—CORTES MUNICIPALES.—No existe, en los procedimientos de embargo seguidos en una corte municipal, ninguna presunción de jurisdicción a favor de dicha corte; debe demostrarse que la corte actuó dentro del límite de su jurisdicción..

3. EMBARGOS—MANDAMIENTO DE EMBARGO—ANOTACIÓN DE EMBARGO—EN GENERAL.—No pudiendo obtenerse honorarios de abogado en una corte municipal a menos que exista convenio expreso sobre los mismos, si aquéllos forman parte de un pagaré que se reclama y, agregados al principal, hacen ascender el montante total reclamado a más de $500, este nuevo elemento debe considerarse a los efectos de determinar la jurisdicción de la corte.

NOTA de *A. Malaret,* R. (San Juan, Sección Segunda), denegando anotación de mandamiento de embargo.  *Confirmada.*

*Enrique Rincón,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte Municipal de San Juan, Sección Segunda, libró una orden de embargo contra bienes inmuebles por la suma de $650. El márshal embargó una finca y se libró la correspondiente orden para que se inscribiera el embargo. Cuando se presentó la orden al registrador de San Juan, éste se negó a inscribir el embargo fundándose en que de la faz de los procedimientos se desprendía que la corte municipal se había excedido de su jurisdicción.

El recurrente alega que el pleito se basaba en un pagaré

por la suma de $450, intereses y costas, y que el montante total adeudado en la fecha de la presentación de la demanda no excedía de $500, que es el límite de la jurisdicción de una corte municipal. Para demostrar estos hechos el recurrente descansa en una aseveración que hace en su alegato y ofrece elevar a este tribunal una certificación de la corte.

[1] El registrador muy acertadamente contesta que nada tuvo a la vista a no ser la orden que se deseaba inscribir: que ni el pagaré ni ningún otro documento le fueron presentados para demostrar que la corte municipal actuaba dentro del límite de su jurisdicción. Convenimos con el registrador en que no podemos tomar en consideración ningunos documentos que no le fueron presentados. *Pomales* v. *Registrador,* 19 D.P.R. 947.

[2] Igualmente estamos de acuerdo con el registrador en que no existe ninguna presunción de jurisdicción a favor de la sentencia de una corte municipal, sino que debe demostrarse que la corte actuó dentro del límite fijado por la ley.

[3] Vamos un poco más lejos de lo que el registrador lo hace en su alegato, porque dicho funcionario acepta que si le hubiese demostrado que el pagaré creditivo de la deuda era por cuatrocientos cincuenta dólares, la inscripción se hubiera verificado. No se pueden obtener honorarios de abogado en una corte municipal a menos que exista convenio expreso sobre los mismos. *González* v. *Fernández,* 31 D.P.R. 554; *Amy* v. *Aponte,* 31 D.P.R. 64. Si los honorarios de abogado formaban parte del contrato, y si agregados al principal hacían ascender el monante total reclamado en la demanda y concedido en la sentencia a más de $500, entonces este nuevo elemento debería considerarse a los efectos de determinar la jurisdicción de la corte.

De todos modos *debe confirmarse la nota del registrador,* sin perjuicio de que el recurrente muestre el verdadero estado de cosas al registrador, valiéndose de los documentos correspondientes.