Luis Carminely, demandante y apelante, *v.* Miguel Truyol, demandado y apelado.

No. 6183.—*Sometido:* Junio 16, 1933.  *Resuelto:* Junio 24, 1933.

*F. Beiró Rovira,* abogado del apelante.;  *C. Domínguez Rubio,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En un pleito procedente de la Corte Municipal de Guayama, la corte de distrito del mismo nombre dictó senten-

cia en apelación condenando al demandado Miguel Truyol a pagar al demandante la cantidad de $300, intereses, costas y honorarios de abogado. Esta sentencia fué confirmada en apelación por esta corte en cuanto a la suma principal y modificada en tanto en cuanto fijaba una cantidad para costas, gastos y honorarios de abogado del demandante, limitándose esta corte a condenar en costas al demandado. (39 D.P.R. 959.) .

En 8 de enero de 1932, el demandante radicó en la Corte de Distrito de Guayama un memorándum de costas que fué impugnado por el demandado, entre otras razones por carecer la corte de distrito de jurisdicción para aceptar y aprobar dicho memorándum de costas.

■ De acuerdo con el artículo 339 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley No. 15, de noviembre de 1917, volumen segundo, página 229, "las costas se reclamarán por la parte a la cual hayan sido concedidas, entregando al secretario de la corte en que se hubiere dictado sentencia en primera instancia un memorándum de dichas costas, de los desembolsos necesariamente hechos por el reclamante en el pleito y del montante de los honorarios de su letrado, la veracidad del cual memorándum deberá ser jurada por la parte o su abogado; y la entrega de dicho memorándum se hará dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada en el caso de que no se hubiere apelado; si se hubiere apelado, la entrega se hará dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia . . ."

Comienza este artículo diciendo que las costas se reclamarán por la parte a la cual hayan sido concedidas, entregando al secretario de la corte en que se hubiese dictado sentencia en primera instancia un memorándum de dichas costas. La corte que resolvió este asunto en primera instancia fué la corte municipal. La jurisdicción de la corte

de distrito fué adquirida en apelación. Se arguye por el demandante que en un juicio *de novo,* la sentencia de la corte inferior no es revocada o confirmada, sino que se dicta una sentencia nueva, distinta, tal como lo requieran los méritos demostrados en el juicio, y que por lo tanto la sentencia dictada por la Corte de Distrito de Guayama en el presente caso debe considerarse como en primera instancia, ya que es nueva y distinta. El hecho de que se trate de un juicio *de novo* no quiere decir que la corte de apelación actúe en primera instancia. La jurisdicción de la corte de distrito para resolver el caso en apelación surge de la jurisdicción original adquirida por la corte municipal. Es en esta corte donde tiene lugar la primera instancia. Hay casos procedentes de una corte municipal que sólo son apelables para ante la corte de distrito correspondiente. En estos casos hay claramente dos instancias. Cuando la ley habla de la primera, es porque es cosa entendida que existe más de una instancia y ésta tiene que ser ante la corte de distrito. que en estos casos es el tribunal de última instancia.

Copiamos a continuación las razones expuestas por el ilustrado Juez de la Corte de Distrito de Guayama en apoyo de su resolución:

"A nuestro juicio, el precepto antes transcrito resulta en un todo claro y no ofrece dificultad alguna para su interpretación.

"Según él, el memorándum debe presentarse dentro de los diez días siguientes 'al en que se haya recibido en la Corte sentenciadora en primera instancia aviso oficial de la resolución dictada en la apelación en última instancia.'

"A la luz de este precepto, es claro, a nuestro juicio, que el memorándum debe radicarse en la Corte que conoció originalmente del caso en primera instancia. Podría alegarse, quizás, que tratándose de una apelación de una corte municipal a una de distrito en donde los casos se ven de nuevo, ambas cortes podrían considerarse como de primera instancia, en razón a que en ellas se celebra el juicio de nuevo, pero si examinamos la doctrina establecida por la jurisprudencia en cuanto a las apelaciones en casos 'de novo', podemos ver que la jurisdicción de la corte de distrito, si bien en ella se celebra

nuevamente el caso, no es una jurisdicción original y sí una jurisdicción apelativa.

"Nuestra Corte Suprema en Amy v. Aponte et al., 31 D. P. R. 66, cita con aprobación la siguiente doctrina:

" 'En juicio de novo', dice Cyc, resumiendo la jurisprudencia, 'la sentencia de la corte inferior no es revocada o confirmada, sino que se dicta una sentencia nueva, distinta, tal como lo requieran los méritos demostrados en el juicio.' Pero inmediatamente agrega: 'La jurisdicción adquirida por la corte es, sin embargo, de apelación, y no podrá dictar una sentencia que no hubiera podido ser dictada por la corte inferior.' 24 Cyc 750.

"Si examinamos la definición consignada por Escriche en su Diccionario Razonado de Legislación y Jurisprudencia, nos encontramos con que la palabra 'instancia' significa 'el ejercicio de la acción en juicio desde la contestación hasta la sentencia definitiva,' y definiendo lo que se entiende por primera, segunda y tercera instancia, establece lo siguiente:

" 'Se llama primera instancia el ejercicio de la acción ante el primer juez que debe conocer del asunto; segunda instancia al ejercicio de la misma acción ante el juez o tribunal de apelación, para que se reforme la sentencia del primer juez; y tercera instancia el ejercicio de la acción reproducida ante el mismo tribunal de apelación o ante otro más elevado, según la clase de jurisdicciones, para que se revea el proceso y se corrija o revoque la segunda sentencia.'

"Podemos referirnos además a otras consideraciones contenidas en el referido diccionario en relación con la materia y que no transcribimos en gracia a la brevedad y para no hacer tan larga esta opinión.

"Esta teoría de Escriche la encontramos también reproducida en 32 Corpus Juris, página 940, en donde se transcribe íntegramente la definición dada por Escriche a la referida Frase.

"Siendo la cuestión de jurisdicción una de carácter privilegiado y teniendo como tenemos formada opinión de que esta corte carece de jurisdicción para conocer del memorándum de costas referido, por entender que el mismo ha debido radicarse en la Corte Municipal de Guayama, que fué la que conoció en primera instancia del caso, sería improcedente que entráramos a considerar las demás cuestiones planteadas por el opositor, ya que no tendríamos jurisdicción para considerarlas y resolverlas."

La sentencia dictada en apelación no se ejecuta en la corte de distrito. De acuerdo con la sección cuarta de la

ley para reglamentar las apelaciones de las cortes munici-
pales, el secretario de la corte de distrito remitirá copia
certificada de la sentencia a la corte municipal contra la cual
se hubiese interpuesto recurso de apelación.   De allí en ade-
lante toda la tramitación para hacer efectiva la sentencia
se llevará a cabo en la corte municipal, como si dicha sen-
tencia se hubiese originado en ella.   Estas disposiciones de-
muestran que la ley, al conceder una apelación para que el
caso sea visto *de novo,* no ha despojado a la corte municipal
de su jurisdicción, desde el momento en que ésta queda res-
tituída al ser fallado el caso definitivamente por la corte de
apelación.   Opinamos que una vez recibido en la corte mu-
nicipal el aviso oficial de la sentencia dictada, si se quiere
presentar un memorándum de costas éste debe entregarse
al secretario de dicha corte dentro de los diez días siguien-
tes al recibimiento del aviso, a tenor de lo dispuesto en el
artículo 339 del Código de Enjuiciamiento Civil, según el
cual el memorándum se radicará en la corte sentenciadora
en primera instancia.

■■ Sostiene la parte apelante que la corte municipal
no tendría jurisdicción para conceder honorarios de abogado,
y cita en su apoyo el caso de *Ferreira* v. *López,* 29 D.P.R.
34, donde se dice que la corte municipal de Guayama no te-
nía jurisdicción para imponer honorarios de abogado por
virtud de una sentencia dictada por la Corte de Distrito de
Guayama.   También se dijo en ese caso que si la corte mu-
nicipal no tenía facultades para conceder honorarios de abo-
gado la corte de distrito no podía adquirir esas facultades
en apelación.   En el caso citado no hubo convenio con res-
pecto a los honorarios del abogado.   Se desestimó una de-
manda de tercería y se condenó al tercerista a pagar costas,
desembolsos y honorarios. - En el presente caso el deman-
dado se obligó al pago de costas, gastos y honorarios del
abogado que el acreedor utilizare ante cualquier corte de
justicia.   Esta corte ha declarado que cuando existe conve-
nio entre las partes, la materia de costas, gastos y honora-

rios de abogado debe regularse por dicho convenio y no por los preceptos del Código de Enjuiciamiento Civil. *Cintrón Aboy v. Solá,* 28 D.P.R. 262. Si la parte demandada se obligó al pago de honorarios de abogado en caso de reclamación judicial, siendo éste el convenio de las partes, la corte municipal adquirió jurisdicción para conceder esos honorarios al adquirir jurisdicción sobre la obligación principal. El derecho del acreedor no puede quedar sujeto a la eventualidad de un recurso apelativo que puede o no ser interpuesto. Además, como ya hemos dicho en *Ferreira* v. *López,* supra, si la corte municipal no tenía facultades para conceder los honorarios, esta facultad no podía adquirirla tampoco la corte de distrito.

Esta corte, en el caso de *Amy* v. *Aponte,* 31 D.P.R. 64, declara que en cuanto a honorarios por el trabajo realizado en la corte municipal, admitiéndose como se admite que dicha corte no hubiera podido imponerlos, tampoco puede concederlos la corte de distrito en apelación. También se declara en esa decisión que no pueden concederse honorarios por el trabajo realizado en la corte de distrito, en las apelaciones procedentes de las cortes municipales, según se deduce de una consideración detenida de las reformas hechas por la Legislatura en el artículo 327 del Código de Enjuiciamiento Civil.

En el presente caso tanto la corte municipal originalmente, como la corte de distrito en apelación, tuvieron jurisdicción para conceder costas incluyendo honorarios en virtud del convenio de las partes. El memorándum de costas, de acuerdo con la ley, debió radicarse en la corte de primera instancia, que es la corte municipal.

*Debe confirmarse la resolución apelada.*