JUSTO CHALEMÁN, representado por su tutor FRANCISCO DÍAZ RODRÍGUEZ, peticionario, *v.* LA CORTE DE DISTRITO DE BAYAMÓN, HON. L. SAMALEA IGLESIAS, JUEZ, demandada.

No. 1033.—*Sometido:* Mayo 3, 1935.  *Resuelto:* Mayo 3, 1935.

*Luis Ríos Algarín,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Justo Chalemán, representado por su tutor Francisco Díaz Rodríguez, solicita de esta corte la expedición de un auto de *certiorari* para revisar una resolución dictada por el Hon. L. Samalea Iglesias, Juez de Distrito de Bayamón, sosteniendo una excepción previa de falta de jurisdicción en un pleito incoado ante la Corte Municipal de Vega Baja.

Se alega en la solicitud que el peticionario inició ante la corte municipal mencionada una acción en cobro de dinero contra Zenón Concepción y Gregorio Meléndez, basada en cierta fianza suscrita por los demandados en favor del pupilo para responder de las actuaciones del tutor original, Juan Chalemán. En la demanda, según se alega, se reclamó la suma de $500, más las costas y honorarios de abogado. La corte de primera instancia dictó sentencia condenando a los demandados a pagar solidariamente al pupilo la suma de $500 y las costas.

Apelada esta sentencia para ante la corte de distrito, este último tribunal, a petición de los demandados, declaró que la corte municipal no tuvo jurisdicción para conocer de la causa, basándose en el caso de *Smallwood Bros.* v. *Hernández,* 40 D.P.R. 686.

En el caso citado se reclamó ante una corte municipal el cumplimiento de una obligación consignada en un pagaré, por la cantidad de $405.24, más los intereses y una suma para honorarios de abogado, de acuerdo con lo estipulado. La corte de distrito, en apelación, sostuvo una excepción previa a la demanda por falta de jurisdicción de la corte municipal. Esta corte, refiriéndose a los honorarios estipulados, dijo que una súplica de esta naturaleza en una demanda radicada ante una corte municipal debe interpretarse como una sú-

plica por honorarios que una vez sumados al principal con los intereses y costas, no exceda la cantidad jurisdiccional. La sentencia de la corte de distrito fué revocada.

Como se ve, la resolución de esta corte en *Smallwood Bros.* v. *Hernández,* supra, versó sobre honorarios que fueron convenidos por las partes. En el presente caso la solicitud no resulta todo lo clara que fuera de desear. Se alega que en la demanda se reclamaron honorarios de abogado; pero no sabemos si estos honorarios se piden porque fueron convenidos o simplemente porque el demandante abriga la creencia de que pueden ser concedidos, en ausencia de convenio, por la corte municipal. Si hubo estipulación, puede que la corte de distrito haya tenido razón al resolver que el tribunal de primera instancia no tuvo jurisdicción para conocer de la causa. Si no la hubo, las palabras "honorarios de abogado" han debido considerarse como *surplusage,* como algo que sobra, ya que una corte municipal no tiene autoridad para concederlos, a menos que hayan sido estipulados por las partes. Artículo 327, Código de Enjuiciamiento Civil, enmendado por la ley No. 38 de 12 de abril de 1917, vol. 1, pág. 207; *Amy* v. *Aponte,* 31 D.P.R. 64, 67; *Carminely* v. *Truyol,* 45 D.P.R. 291, 296.

En cuanto a las costas, no creemos que su reclamación prive a la corte municipal de jurisdicción. La cantidad de $500, que es la suma principal que se reclama, es la que debe tenerse en cuenta para determinar la jurisdicción del referido tribunal. Las costas, que son lo accesorio y cuya concesión depende de la discreción del tribunal, no deben considerarse como formando parte de la suma principal para fijar la cuantía y determinar la jurisdicción.

Dada la falta de claridad que se advierte en la solicitud y no habiéndose acudido a la corte inferior para darle la oportunidad de considerar nuevamente su resolución, *no ha lugar, por ahora, a expedir el auto solicitado.*