SMALLWOOD BROTHERS, demandante y apelante, *v.* AGUSTÍN FERNÁNDEZ y LAUREANO DETRES, demandados y apelados.

No. 4803.—*Sometido:* Diciembre 17, 1929. *Resuelto:* Marzo 6, 1930.

*Cayetano Coll y Cuchí* y *L. Polo,* abogados de los apelantes; *E. Negrón Benítez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Smallwood Brothers instituyó una acción en una corte municipal en cobro de la suma de $405.24 como saldo adeudado de un pagaré, más sus intereses al 12 por ciento y una suma razonable para honorarios de abogado, de acuerdo con una estipulación contenida en el pagaré. La corte de distrito en apelación sostuvo una excepción previa a la demanda por falta de jurisdicción de la corte municipal.

La jurisdicción de las cortes municipales está limitada a la suma de $500, intereses inclusive (Compilación, art. 1173). En el presente caso los intereses vencidos al tiempo de la radicación de la demanda ascendían a menos de $30. Esta suma, unida al saldo adeudado como principal, dejaba un margen liberal para la fijación de una cantidad razonable como honorarios de abogado dentro de la suma jurisdiccional. La sentencia de la corte municipal fué por $405.24, más los intereses y costas. Si se hubiese agregado a la misma la suma de $50 ó más como una cantidad razonable por concepto de honorarios de abogado, la suma total aún hubiese estado muy bien dentro de la jurisdicción de la corte. Difícilmente podría alegarse, por lo menos por los demandados, que el 10 por ciento del importe en controversia no es una suma razonable para los honorarios de abogado.

Se solicitó sentencia por la cantidad de $405.24, más los intereses, costas y honorarios de abogado. Tal súplica cuando se halla en una demanda radicada en una corte municipal debe interpretarse como una súplica por honorarios que una vez sumados al principal, con los intereses y costas, no exceda la cantidad jurisdiccional.

*Debe revocarse la sentencia apelada, declararse sin lugar*

*la excepción previa y devolverse el caso para ulteriores
procedimientos no inconsistentes con esta opinión.*