NORBERTO GARCÍA, demandante y apelado, *v.* SUCESIÓN DE ANTONIO RODRÍGUEZ GONZÁLEZ, ETC., demandados y apelantes.

Núm. 8674.—*Sometido:* Marzo 15, 1943. *Resuelto:* Marzo 24, 1943.

*J. Córdova Rivera,* abogado de la sucesión apelante; *Gaspar Gerena Bras,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Norberto García demandó en la Corte de Distrito de Arecibo a la Sucesión de Antonio Rodríguez González com-

puesta de sus hijos Antonio, Juan, Domingo, Tito, Julia, Marcelino, José, Dolores, Rosa y Cándida Rodríguez Pagán en cobro de quinientos dólares y de ciento cincuenta dólares más convenidos para costas, gastos, desembolsos y honorarios de abogado.

Los demandados Marcelino, Julia, Domingo y Tito Rodríguez Pagán excepcionaron la demanda por falta de jurisdicción y de hechos determinantes de causa de acción. Declarada sin lugar la excepción contestaron negando general y específicamente los hechos de la demanda. Fué el pleito a juicio y la corte lo resolvió en junio 25, 1942, como sigue:

"Opinión y sentencia. En este caso se reclama el importe de pagaré vencido y exigible. La prueba del demandante establece evidencia de la deuda. La contestación de la parte demandada se concretó a negar los hechos, pero no se presentó prueba para destruir la certeza de la obligación, ni que la misma hubiese sido satisfecha. Se alegó falta de jurisdicción de esta corte por la cuantía, pero toda vez que se reclaman $500 y una cantidad adicional para honorarios que se menciona en el pagaré hipotecario, entendemos que este tribunal tiene jurisdicción para resolver la controversia.

"En cuanto a los honorarios no se convino en la escritura ni en el pagaré sobre una cantidad exacta que debiera pagar el deudor. Al constituir la garantía después de hacer mención del crédito se calcularon $150 para costas, gastos, desembolsos y honorarios de abogado. Esta forma de contratación, deja en libertad a la corte para fijar discrecionalmente los honorarios de abogado, y entendemos que la suma de $150 que se reclama, aún incluyendo las costas, es muy crecida, para una reclamación de principal ascendente a $500.

"Por las expuestas razones, la corte dicta sentencia condenando a la Sucesión demandada a pagar al demandante la suma de $500 reclamados, las costas y $60 para honorarios de abogado."

Los demandados que comparecieron apelaron, quedando perfeccionada su apelación en enero 29, 1943. En febrero doce siguiente la parte apelada solicitó la desestimación del recurso porque el escrito interponiéndolo no se notificó a los otros demandados que estaban en rebeldía, y por ser frívolo.

Los apelantes se opusieron por escrito. La vista de la moción se celebró el quince de marzo en curso sin asistencia de las partes.

■ El primer motivo que se alega para pedir la desestimación, carece de fundamento. Si bien los demandados dejados de notificar son partes en el pleito, no tienen la condición de partes contrarias a los apelantes en la apelación. La gestión que éstos hicieron al apelar de la sentencia, en vez de perjudicarles podría favorecerles, pues en caso de obtener la revocación de la misma, no lo sería para ellos solamente si que para todos los demandados en el pleito. Y siendo esa la relación existente entre los unos y los otros, no surge la necesidad de la notificación. Véase *Brunet* v. *Sucn. Nin,* 57 D.P.R. 804, 807.

■■ El segundo motivo existe. Se trata de un recurso frívolo. La corte de distrito tenía jurisdicción porque no se reclamaron solamente los quinientos dólares que se debían, si que los ciento cincuenta que expresamente se pactaron como una suma razonable para costas, gastos, desembolsos y honorarios de abogado en caso de reclamación judicial.

La ley fija la jurisdicción del juez municipal en los siguientes términos: "Tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de 500 dollars, intereses inclusive; . . ." Sección 4 de la Ley sobre Reorganización del Sistema Judicial, aprobada el 10 de marzo de 1904, págs. 93 y 95; Comp. 1911, art. 1173, pág. 265.

Es cierto que según el pagaré en el que consta la obligación cuyo cumplimiento fué reclamado, la deuda sólo asciende a quinientos dólares, límite máximo de la jurisdicción de la corte municipal en los pleitos civiles ordinarios como éste, pero también lo es que se pactó en el mismo que "en garantía de esta obligación y de un crédito adicional por ciento cincuenta dólares calculados para costas, gastos, desembolsos y honorarios de abogado en caso de reclamación judicial, con

esta fecha se constituirá hipoteca voluntaria sobre una finca rústica, de doce cuerdas, cita en el barrio Angeles de Utuado,'' y como en la demanda se pidió sentencia por quinientos dólares más ciento cincuenta, la verdadera suma reclamada excede de la mayor de que podía conocer la corte municipal, teniendo que iniciarse el pleito como lo fué en la corte del distrito.

La cuestión aquí envuelta ha sido objeto de un detenido estudio por las cortes del continente, como puede verse en 15 C. J. 766 y siguientes; 14 Am. Jur., *Courts,* párrafo 216; *Parks* v. *Granger,* 51 So. 716 y nota en 27 L.R.A. (N. S.) 157, y *Catchot* v. *Russell,* 134 So. 140 y nota en 77 A.L.R. 991, 1011, habiéndose decidido por el gran peso de las autoridades que el montante de los honorarios de abogado debe agregarse al principal de la suma debida para determinar si la cantidad en controversia está dentro de la jurisdicción de la corte, ya que tales honorarios no son considerados como costas.

Cuando lo son, no forman parte del montante en controversia. Véanse a este respecto los casos de *Seaboard Air Line Ry.* v. *Maxey,* de Florida, 60 So. 353, y *Eagle Gold-Min. Co.* v. *Bryarly,* de Colorado, 65 P. 52 y los otros citados al efecto en la página 1013 de la referida nota al caso de *Catchot* v. *Russell,* supra, en 77 A.L.R. Tomamos del resumen del caso de *Eagle Gold-Min. Co.* v. *Bryarly,* supra: ''Bajo un estatuto proveyendo que un demandante puede recobrar honorarios razonables de abogado a ser fijados por la corte y tasados como costas, una alegación de que $250 era una suma razonable de honorarios no hace que dicha suma sea parte de la reclamación y por tanto no puede tomarse en consideración para determinar si el montante envuelto excede del que puede conocer la corte.''

En Puerto Rico la última expresión de la voluntad de la Legislatura en materia de costas y honorarios de abogado está contenida en la Ley núm. 94 de 1937, pág. 239, por vir-

tud de la cual se enmendó el artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 69 del año anterior. Tal como rige hoy, dicho artículo dispone que a la parte a cuyo favor se dicte sentencia o resolución final, le serán concedidas las costas, las cuales comprenderán los desembolsos que se especifican, seis, ninguno de los cuales comprende honorarios de abogado. Con respecto a éstos, dice textualmente el artículo enmendado: "En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte; Disponiéndose, que nada de lo contenido en este artículo se entenderá en el sentido de conceder honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento, *excepto en el caso de que dicho demandado se hubiere obligado a ello.*" (Bastardillas nuestras.)

Aunque las palabras "para ser incluídos en las costas" introducen alguna confusión, puede concluirse que en esta jurisdicción los honorarios no forman parte de las costas como cuestión corriente. Se conceden por la corte cuando su pago no se hubiere estipulado previamente por las partes contratantes y se hubieren reclamado en juicio, si la parte a quien se imponen hubiere procedido con temeridad, tomando en consideración el grado de su culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte. Cuando su pago se estipula previamente por las partes, aunque la estipulación se refiera también a las costas, como aquí ocurre, la imposición no la hace la corte a base de la temeridad de la parte vencida en el litigio, si que a virtud de lo estipulado por la parte misma al contraer la obligación. De ahí que en tal caso pueda y deba el mon-

tante de los honorarios estipulados tomarse en cuenta para fijar la cuantía envuelta en el pleito a los efectos de determinar la jurisdicción de la corte que conoce del mismo.

Podría existir alguna duda en un caso como éste si la obligación principal hubiera sido por menos de quinientos dólares, pero siéndolo como lo fué por esa suma toda duda desaparece pues un solo centavo más conferiría la jurisdicción a la corte de distrito, y, por lo menos, tiene que reconocerse que un centavo de los ciento cincuenta dólares "calculados para costas, gastos, desembolsos y honorarios de abogado," lo fué para los honorarios.

En nuestra propia jurisprudencia hay por lo menos un caso en el que pudo apoyarse la corte sentenciadora para resolver la cuestión de jurisdicción ante ella suscitada en la forma en que lo hizo. Nos referimos al de *Smallwood Bros.* v. *Fernández,* 40 D.P.R. 686, en el que los demandantes instituyeron una acción en una corte municipal en cobro de $405.24 *como saldo adeudado de un pagaré, más intereses y una suma razonable para honorarios de abogado de acuerdo con una estipulación contenida en el pagaré,* resolviéndose que "tal súplica cuando se halla en una demanda radicada en una corte municipal debe interpretarse como una súplica por honorarios que una vez sumados al principal, con los intereses y costas, no exceda la cantidad jurisdiccional," porque "si se hubiese agregado a la misma la suma de $50· o más como una cantidad razonable por concepto de honorarios de abogado, la suma total aún hubiese estado muy bien dentro de la jurisdicción de la corte. Difícilmente podría alegarse, por lo menos por los demandados, que el 10 por ciento del importe en controversia no es una suma razonable para los honorarios de abogado." Véanse además los casos de *Chalemán* v. *Corte,* 48 D.P.R. 446 y *Román Borges* v. *Registrador,* 37 D.P.R. 560.

■ En su oposición a la desestimación los demandados apelantes insisten en que la demanda no aduce hechos sufi-

cientes porque·no alega terminantemente que sean los herederos demandados los únicos· responsables de la obligación que se cobra. En la demanda se alega' que los demandados son los únicos y universales herederos de Antonio Rodríguez y Simona Pagán; que Antonio Rodríguez, casado, suscribió y entregó al demandante el pagaré que transcribe, haciendo constar que debía y se comprometía a satisfacer a la presentación del documento la suma de quinientos dólares, suma que con la de ciento cincuenta para costas, gastos, desembolsos y honorarios de abogado en caso de reclamación judicial, garantizaría con hipoteca, y que el pagaré fué presentado para su cobro al deudor antes de su fallecimiento y posteriormente a su Sucesión cuyos componentes se nombran en la demanda, no habiendo sido pagado a pesar de los requerimientos del demandante. Esas alegaciones, que quedaron comprobadas en el juicio, son suficientes para sostener la sentencia.

*Debe declararse con lugar la moción y en su consecuencia desestimarse, por frívolo, el recurso.*