Compañía Cervecera de Puerto Rico, demandante y apelante, *v.* Municipio de Mayagüez, demandado y apelado.

Núm. 9113.—*Sometido:* Diciembre 5, 1945. *Resuelto:* Enero 30, 1946.

*J. Alcmañy Sosa,* abogado de la apelante; *Enrique Báez García,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La apelante, una corporación doméstica dedicada a la fabricación y venta de cerveza, malta y bebidas gaseosas, instó este pleito en la corte inferior solicitando la devolución de $550 que alega haber pagado bajo protesta al Municipio de Mayagüez por concepto de patentes municipales correspondientes al año 1944–45. La demanda fué declarada sin lugar a virtud de una cuestión de derecho presentada por el Municipio demandado, consistente en que el pago de la patente debió verificarse el 1ro. de julio de 1944 y no habiéndolo verificado hasta el 25 de septiembre de ese mismo año, no tenía derecho el contribuyente a pagar bajo protesta y consiguientemente no podía reclamar la devolución de lo pagado.

El Municipio alega ahora en apelación que de todos modos la demanda debía ser desestimada porque la corte sentenciadora carecía de jurisdicción para conocer del pleito, toda vez que la suma realmente envuelta, conforme resulta de la demanda, es menor de $500.

Se alega en la demanda que el 15 de marzo de 1944 la demandante rindió al Tesorero del Municipio demandado el informe correspondiente a sus ventas efectuadas en dicho Municipio desde el 1ro. de enero al 31 de diciembre de 1943, ascendentes a la cantidad de $415,547.52, incluyendo cerveza y bebidas gaseosas; que la Asamblea Municipal arbitrariamente fijó la contribución por concepto de patentes municipales para el año 1944-45 en $550, computándose dicha contribución a base de $1,000,000 de ventas realizadas por la demandante durante el año 1943; que el 12 de mayo de 1944 la demandante solicitó reconsideración y el 21 de junio el Secretario de la Asamblea Municipal le notificó que la reconsideración había sido denegada. Se alega, además, en la demanda, que de las ventas efectuadas por la demandante durante el año 1943, solamente están sujetas al pago de la patente municipal en el Municipio demandado, las correspondientes a las de bebidas gaseosas, las cuales ascendieron a $130,676.

No obstante admitirse en la demanda que las ventas de bebidas gaseosas efectuadas en dicho Municipio están sujetas al pago de la contribución, la demandante suplica sentencia por la totalidad de los $550 que alega pagó bajo protesta por todas las ventas efectuadas en dicho año.

De la demanda resulta que por ventas ascendentes a $1,000,000, efectuadas durante todo el año 1943, la contribución impuesta fué de $550. Siendo ello así, la contribución correspondiente a un trimestre es $137.50. Mas como de conformidad con la sección 16 de la Ley núm. 26 de 28 de marzo de 1914 (Leyes de 1913-14, pág. 181), la patente vence en plazos trimestrales el 1ro. de julio, el 1ro. de octubre, el 1ro.

de enero y el 1ro. de abril de cada año, es evidente que cuando el 25 de septiembre de 1944 la demandante verificó el pago, sólo debía el primer trimestre que empezó en julio de dicho año y no estando aún vencidos los tres restantes, los pagó voluntariamente. Como la sección 12 de la citada ley prescribe que toda persona, sociedad, asociación, corporación u otra forma cualquiera de organización comercial o industrial que dejare de satisfacer el importe de la contribución impuesta de acuerdo con dicha ley dentro de los primeros quince días de cada trimestre se considerará culpable de delito menos grave e incurrirá en una multa máxima de $50, según se provea por las asambleas municipales en sus ordenanzas, a lo sumo podríamos admitir, a los efectos del argumento, que en lo que al pago del primer trimestre respecta, lo hizo oportunamente bajo protesta, toda vez que la demandante estaba constreñida a pagar dicho trimestre, porque de lo contrario incurriría en el *misdemeanor* a que se refiere la sección 12. Sin embargo, en lo que se refiere a los tres trimestres restantes que aún no estaban vencidos cuando verificó el pago, éste fué voluntario aunque hiciera constar que lo hacía bajo protesta, toda vez que no estando legalmente obligada a pagarlos, no corría riesgo alguno en caso de no hacerlo. Como se dijo en *Blanco* v. *Tribl. de Apelación*, 61 D.P.R. 23 y en *The Coca-Cola Co.* v. *Tribl. Contribuciones*, 65 D.P.R. 152, el mero hecho de que el contribuyente al verificar el pago haga constar que lo hace bajo protesta, no constituye un pago bajo protesta, a menos que haya sido en alguna forma compelido a verificarlo en la fecha en que lo hizo.

Establecida esta premisa, tendremos entonces que las tres cuartas partes de la suma reclamada fué pagada voluntariamente y exigiendo la sección 14 de la ley citada que el pago se haga bajo protesta como condición precedente a recobrar la contribución que el contribuyente crea le ha sido ilegalmente cobrada, tendremos que concluir que a lo sumo sola-

mente pagó bajo protesta la cuarta parte de la suma reclamada, o sea $137.50, cantidad insuficiente para conferir jurisdicción a la corte sentenciadora.

La apelante trata de orillar esta dificultad alegando que la cuantía jurisdiccional la determina la suma reclamada en la demanda y no aquélla por la cual en definitiva la demandante obtenga sentencia. Esta es la regla general; pero una excepción de esa regla es la de que cuando de la faz de la demanda resulta que el demandante sólo tiene derecho a recobrar una parte de la suma reclamada, esa parte es la que determina la jurisdicción de la corte. *González Mena* v. *Dannermiller Coffee Co.*, 48 D.P.R. 608, 618; *Díaz* v. *Palmer*, 62 D.P.R. 111; *Hall* v. *Price*, 148 S.W.2d 881, (Tex. 1941).

*Careciendo la corte de jurisdicción por no ascender la suma envuelta a la cantidad de $500, procede confirmar la sentencia que declaró sin lugar la demanda.*

El Juez Asociado Sr. Córdova no intervino.