Nicasio Feliciano Negrón, et al., querellantes y apelados, *v.* Puerto Rican Express Company, querellada y apelante.

Núm. 9379.—*Sometido:* Abril 1, 1947. *Resuelto:* Mayo 29, 1947.

*Charles R. Hartzell* y *Rafael O. Fernández,* abogados de la apelante; *Bauzá & Bauzá,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este recurso de apelación envuelve la constitucionalidad de un estatuto dispositivo de que en pleitos entablados por un obrero o empleado contra su patrono, en el cual reclame cualquier suma por concepto de compensación por trabajo y labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido sin previo aviso y sin causa justificada, si se dictare senten-

cia a favor de la parte demandante y ésta hubiere comparecido representada por abogado particular, se condenará al demandado al pago de honorarios de abogado. Prescribe, además, el estatuto, que si se probare malicia por parte del querellado, el juez lo condenará a pagar al querellante, por concepto de indemnización o liquidación de daños y perjuicios, una suma adicional de $50.(¹)

En el presente caso, ocho obreros representados por abogado particular, presentaron una demanda contra la apelante en la Corte Municipal de San Juan, Sección Segunda, en la cual reclamaron $1,343.29; $1,202.80; $1,301.48; $1,301.48; $1,312.50; $1,083; $1,301.48 y $1,312.50, respectivamente, por concepto de horas trabajadas en exceso de la jornada de ocho horas. Solicitaron, además, que la demandada fuese condenada a pagar a cada uno de los demandantes la suma de $50 por concepto de indemnización, más intereses y el pago de costas y honorarios de abogado. La corte municipal sólo condenó a la demandada a pagar a los demandantes: $209.88; $209.88; $206.41; $206.41; $206.41; $206.41; $206.41 y $206.-41, respectivamente.

Ambas partes apelaron para ante la corte *a quo* y celebrado un juicio *de novo* se dictó sentencia a favor de los demandantes por las siguientes cantidades: $95.37; $28.66; $86.01; $22.00; $106.13; $88.43; $27.50 y $31.18, respectivamente. También fué condenada la demandada a satisfacer intereses al 6 por ciento anual desde la fecha de la sentencia hasta el pago de dichas cantidades, más $200 por concepto de honorarios de abogado.

La demandada, si bien apeló de la totalidad de la sentencia, en su alegato limita su recurso al pronunciamiento de honorarios.

---

(¹) Secciones 1 y 14 de de la Ley núm. 10 de 14 de noviembre de 1917 ((2) pág. 217), según fueron enmendadas por la Ley núm. 17 de 11 de abril de 1945 (pág. 45).

■■ La contención de la apelante es al efecto de que la parte del estatuto que concede honorarios de abogado al obrero, aun cuando no prueba la totalidad de su reclamación, viola la cláusula constitucional relativa a la igual protección de las leyes. Para el caso de que su contención no prosperare, alega que, suponiendo que el estatuto sea válido, su aplicación en el presente caso es inconstitucional. Finalmente sostiene que, independientemente de la inconstitucionalidad de la ley y de su aplicación, la corte inferior erró al conceder una cantidad irrazonable por concepto de honorarios de abogado.

El estatuto en cuestión, al conceder al obrero honorarios de abogado cuando se dicte sentencia a su favor, tiene por objeto proteger a una clase determinada, no en todo pleito que establezca contra cualquier persona, sino cuando la acción vaya dirigida contra su patrono en reclamación de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada.

La determinación de si el estatuto infringe la cláusula constitucional que garantiza la igual protección de las leyes depende de que la Asamblea Legislativa, al conceder ese privilegio en favor de una clase y en contra de otra, haya procedido arbitrariamente. Si la clasificación no es por otros motivos irrazonable, el mero hecho de que el estatuto conceda honorarios de abogado a los demandantes victoriosos y no a los demandados que han obtenido sentencia a su favor, no hace que el estatuto viole la cláusula constitucional sobre la igual protección de las leyes. Las posiciones de demandantes y demandados, respectivamente, son diferentes. El demandante debe escoger la corte que tenga jurisdicción sobre el litigio, debe traer las partes necesarias en la acción y sobre él recae la carga de la prueba. Estas diferencias pueden servir de base para aplicar, a una y a otra clase, una regla di-

ferente en lo que respecta a honorarios de abogado como parte de las costas. *Missouri, Kansas & Texas Ry.* v. *Cade,* 233 U. S. 642, 650.

Podemos presumir que el obrero es pobre, que necesita de su salario para vivir y que el patrono, por el contrario, está en mejores condiciones económicas que él, existiendo así una marcada desigualdad entre las dos clases.

Obligar al obrero a pagar honorarios de abogado cuando se vea en la necesidad de reclamar lo que se le adeude por los servicios que ha prestado a su patrono, equivale a reducirle el precio de su trabajo en la cantidad que deba pagar a su abogado. El Estado tiene, en tales circunstancias, un legítimo interés en protegerlo como cuestión de orden público. Al obligar al patrono al pago de honorarios de abogado, no sólo protege al obrero contra la injusticia de privarle de una parte del valor de sus servicios, sí que también tiende a desalentar en el patrono la tendencia a obligar al obrero a recurrir a un pleito con todos sus incidentes y dilaciones, o renunciar, mediante una forzada transacción, a una parte de lo que legítimamente se le deba, para poder cobrar sólo una parte del producto de su trabajo.

Arguye la apelante que el estatuto no se limita a conceder honorarios solamente cuando el demandante obtiene una sentencia por toda la cantidad reclamada en la demanda, sino que los concede invariablemente sin tener en cuenta que el demandado haya estado justificado en resistir la reclamación. Esto es cierto, pero no debemos perder de vista que el estatuto no concede una cantidad predeterminada para honorarios de abogado, sino que se limita a concederlos dejando la fijación de su cuantía a la sana discreción del tribunal. En tales circunstancias, la corte, al imponerlos, deberá tener en cuenta, no al efecto de concederlos, sino al de fijar su cuantía, el grado de temeridad del patrono y consecuentemente su poder discrecional para fijarlos fluctuará entre una suma nominal en casos de temeridad y una cantidad proporcionada al montante de la cuantía envuelta.

En el presente caso, tratándose de una reclamación de $10,158.53 y una sentencia de $485.28. somos de opinión que la cantidad de $200 concedida por concepto de honorarios no es razonable.

*Procede, a nuestro juicio, modificar el pronunciamiento de honorarios de abogado, reduciéndolos a $25. Así modificada se confirma la parte de la sentencia que ha sido objeto de este recurso.*