BARTOLA TORRES, demandante y apelada, *v.* MARÍA LUISA BLANES, demandada y apelante.

Núm. 10279.—*Sometido:* Febrero 12, 1951. *Resuelto:* Junio 27, 1951.

---

*Héctor González Blanes* y *F. Fernández Cuyar,* abogados de la apelante; *J. M. Valentín Esteves,* abogado de la apelada.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

En esta acción sobre triple daño bajo la sección 205 de la Ley Federal de Inquilinato de 1947, según enmendada— 50 U.S.C.A. App., sec. 1895—(¹) se reclamó en la demanda radicada en el Tribunal de Distrito de San Juan, la suma de $2,385 correspondiente a tres veces el exceso de la renta fijada por la O.P.A., que era de $60 mensuales, a la vivienda arrendada por la demandante, por haber cobrado la demandada durante 53 meses $75 mensuales, o sea un exceso de $15 al mes. Correctamente, en su sentencia el tribunal resolvió que la reclamación, de acuerdo con los términos de la sección 205, no podía exceder de tres veces lo cobrado en exceso

---

(¹) La sección 205, en parte, dispone:

*"Sección 1895.—Reclamación de Daños.*

"Toda persona que solicite, acepte, o reciba cualquier pago de un alquiler en exceso del alquiler máximo dispuesto por la sección 204 [Sección 1894 de este Apéndice] responderá a la persona de quien solicite, acepte, o reciba dicho pago (o responderá a los Estados Unidos en la manera que más adelante se dispone), de una cantidad razonable para honorarios de abogado y las costas según determinados por la corte, más daños líquidos en la suma de (1) $50, o (2) el triple de la cantidad en que el pago o pagos solicitados, aceptados, o recibidos exceda el alquiler máximo que legalmente pudiera ser solicitado, aceptado, o recibido, cualquiera de estas sumas que fuere la mayor: *Disponiéndose,* que la cantidad de tales daños líquidos será la cantidad o cantidades que se hayan cobrado de más si el demandado prueba que la infracción no fué ni voluntaria ni el resultado de dejar de tomar precauciones razonables para que no ocurriera la infracción. En reclamación de dicha cantidad se podrá demandar en cualquier corte Federal, Estatal, o Territorial, de jurisdicción competente, dentro de un año después de la fecha en que ocurriere dicha infracción: . . ."

durante el año anterior a la radicación de la demanda(²) y fijó en \$450 los daños a que tenía derecho la demandante, o sean "los sobreprecios de \$15 mensuales, a tipo triple, desde mayo 18 de 1948(³) hasta marzo 31 de 1949, o sea, diez meses a razón de \$45 cada uno, que hace un total de \$450."

Debido a que la sección 205, supra, dispone que la acción podrá iniciarse en cualquier corte de "jurisdicción competente", el tribunal inferior resolvió que, no obstante ascender los daños a \$450, a dicha suma debía y podía añadírsele la cantidad razonable que por concepto de honorarios de abogado concediera la corte a virtud de la mencionada sección, los que fijó en \$75, y en esa forma, llegó a la conclusión de que siendo superior a \$500 la suma concedida, tenía jurisdicción para conocer del caso.

El primer error señalado por la demandada-apelante en este recurso impugna la conclusión de la corte a quo en cuanto a la cuestión jurisdiccional por los siguientes fundamentos: (1) por ser los triples daños reclamables en ley menos de \$500; (2) al hacer depender la cuantía jurisdiccional de la cantidad adicional que el tribunal fijara para honorarios de abogado, y (3) al no excluir en el cómputo que hizo la corte, como canon no pagado por la demandante el correspondiente al mes de marzo de 1949, con cuya exclusión no ascendería la cuantía a \$500, aun cuando se pudiera incluir la suma de \$75 para honorarios de abogado como parte de la cuantía jurisdiccional.

██ El tercer fundamento de este error carece de méritos. La corte calculó que se habían cobrado los sobrepre-

---

(²)*Meyercheck* v. *Givens*, 180 F.2d 221 (C.A. 3, 1950); *Bates* v. *McClees*, 78 F.Supp. 1022 (D.C. Pa., 1948); *Citrone* v. *Palladino*, 77 N.Y.S. 2d 489 (S.C., 1947); Anotación, 10 A.L.R. 2d 249, 308. La regla general es que la cuantía jurisdiccional la determina la suma reclamada en la demanda, empero estos casos reiteran la excepción a dicha regla al efecto de que si de la faz de la demanda resulta que el demandante sólo tiene derecho a una parte de dicha suma, esa parte es la que determina la jurisdicción de la corte. *Compañía Cervecera* v. *Municipio*, 65 D.P.R. 594, 598.

(³) La demanda se radicó el 18 de mayo de 1949.

cios durante *diez* meses desde mayo 18 de 1949 a marzo 31 de 1949. Aceptando, sin resolverlo, que la apelante no hubiera cobrado los $15 en exceso en el mes de marzo de 1949, siempre la apelada tendría derecho a los daños por diez meses que le concedió la corte ya que, de mayo, 1948 a febrero, 1949, ambos inclusives, transcurrieron diez meses. Habiéndose radicado la demanda el 18 de mayo de 1949 la demandante tenía derecho a reclamar por todos los pagos en exceso hechos dentro del año anterior e indiscutiblemente el verificado en mayo 30, 1948 caía dentro de dicho año.

Los otros dos fundamentos expuestos presentan una sola cuestión, a saber: si para determinar que la corte a quo era una de "jurisdicción competente" para conocer del caso puede sumarse a los daños probados y concedidos la cuantía que como honorarios de abogado razonables fije la corte, cuando los primeros son inferiores a la cuantía jurisdiccional de la corte.

Las partes no han citado ningún caso interpretativo de la sección 205, supra, en que esta cuestión haya sido resuelta en relación con la jurisdicción de cortes estatales o territoriales.([4]) Para sostener su sentencia la corte inferior cita los casos de *Smallwood Bros.* v. *Fernández*, 40 D.P.R. 686 y *García* v. *Sucn. Rodríguez*, 61 D.P.R. 612. La apelante sostiene que lo resuelto en dichos casos favorece su contención de que el tribunal sentenciador carecía de jurisdicción. Veamos. En ambos casos se trataba de acciones en cobro de pagarés vencidos. En el de *Smallwood Bros.* se reclamó ante una corte municipal $405.24, saldo adeudado, más intereses al 12 por ciento y una suma razonable para honorarios de abogado, *de acuerdo con una estipulación contenida en el*

---

([4]) Existen numerosos casos en cuanto a la jurisdicción de cortes federales para conocer de estos casos cuando la cuantía de los daños es inferior a $3,000, pero tampoco hemos encontrado ninguno en el que la cuantía para honorarios de abogado haya sido tomada en consideración para determinar la jurisdicción de dichas cortes. Véanse casos citados en 10 A.L.R. 2d 304 y 50 U.S.C.A. App., sec. 1895, 1951 *Supplementary Pamphlet* 724.

*pagaré.* Habiendo la corte de distrito, en apelación, resuelto que la corte municipal carecía de jurisdicción para conocer de dicho caso, esta Corte revocó dicha sentencia diciendo:

". . . La sentencia de la corte municipal fué por $405.24, más los intereses y costas. Si se hubiese agregado a la misma la suma de $50 o más como una cantidad razonable por concepto de honorarios de abogado, la suma total aún hubiese estado muy bien dentro de la jurisdicción de la corte. Difícilmente podría alegarse, por lo menos por los demandados, que el 10 por ciento del importe en controversia no es una suma razonable para los honorarios de abogado.

"Se solicitó sentencia por la cantidad de $405.24, más los intereses, costas y honorarios de abogado. Tal súplica cuando se halla en una demanda radicada en una corte municipal debe interpretarse como una súplica por honorarios que una vez sumados al principal, con los intereses y costas, no exceda la cantidad jurisdiccional."

El caso de *García* v. *Sucn. Rodríguez*, supra, se inició en una corte de distrito reclamando el importe de un pagaré vencido por $500. En el pagaré se convino el pago de $150 para costas, gastos, desembolsos y honorarios de abogado. Los demandados alegaron falta de jurisdicción y la corte declaró con lugar la demanda y concedió, además de los $500, las costas y $60 para honorarios de abogado. En esta Corte se desestimó por frívola la apelación interpuesta contra dicha sentencia sosteniéndose que la corte de distrito tenía jurisdicción ya que habiéndose convenido el pago de honorarios de abogado en el pagaré, aun cuando involucrados con las costas, gastos y desembolsos, cualquier concesión a ese efecto, haría rebasar la cuantía jurisdiccional a más de $500. Se citó, con aprobación, el caso de *Smallwood Bros.*, supra, para sostener la cuantía jurisdiccional y además se expusieron las reglas prevalecientes en cuanto a esta materia, con amplias citas de autoridades, a saber: (1) que el montante de los honorarios de abogado, cuando el pago de éstos ha sido previamente convenido, debe agregarse al principal de la suma debida para determinar si la cantidad en controversia está

dentro de la jurisdicción de la corte, ya que tales honorarios no son considerados como costas, y (2) que cuando los honorarios son considerados como costas, no forman parte del montante de la controversia. Se resolvió, además, que en Puerto Rico, de acuerdo con el artículo 327 del Código de Enjuiciamiento Civil, según enmendado por la Ley núm. 94 de 1937 (Leyes de 1936–37, pág. 239), los honorarios no forman parte de las costas y se conceden únicamente cuando no han sido convenidos previamente por las partes, si la parte a quien se imponen hubiere actuado con temeridad. Empero, dijimos a la pág. 616:

". . . Cuando su pago se estipula previamente por las partes, aunque la estipulación se refiera también a las costas, como aquí ocurre, la imposición no la hace la corte a base de la temeridad de la parte vencida en el litigio, si que a virtud de lo estipulado por la parte misma al contraer la obligación. *De ahí que en tal caso pueda y deba el montante de los honorarios estipulados tomarse en cuenta para fijar la cuantía envuelta en el pleito a los efectos de determinar la jurisdicción de la corte que conoce del mismo."* (Bastardillas nuestras.)

Aun cuando estos dos casos no presentan la misma cuestión envuelta en el presente, pues ambos se refieren a honorarios de abogado cuyo pago había sido convenido previamente en los pagarés, en el de *Smallwood Bros.* en una suma razonable y en el de *García* incluídos en la suma de $150 para costas, gastos y desembolsos, sí guardan similitud, ya que la disposición contenida en la sección 205, supra, de que la corte fijará una suma razonable de honorarios de abogado y las costas, independientemente y como adición a la cuantía de los daños concedidos, establece y reconoce un derecho a favor del inquilino. Los honorarios de abogado, no formando parte de las costas en Puerto Rico y no siendo concedidos en estos casos discrecionalmente por la corte a base de temeridad de la parte perdidosa sino mandatoriamente por disposición de ley—*Medina* v. *Hato Rey Realty Co.*, ante, pág. 638—más bien constituyen una penalidad y siéndolo, pueden ser consi-

derados para determinar la cuantía jurisdiccional. Véanse casos citados en la Anotación en 77 A.L.R. 991, 1012. Así en el caso de *Conner* v. *Connecticut Fire Ins. Co.*, 292 Fed. 767 (D.C. Fla., 1923), se resolvió que cuando la ley dispone que se impondrá en contra de la aseguradora y a favor del asegurado una suma razonable en concepto de honorarios de su abogado en el pleito y dispone además que la corte o el jurado fijará dicha suma de acuerdo con la prueba, los honorarios de abogado provistos en la ley constituían una penalidad y no costas y siéndolo, podían considerarse para determinar la cuantía jurisdiccional en controversia en el caso. Esta doctrina fué ratificada en el de *Orlando Candy Co.* v. *New Hampshire Fire Ins. Co.*, 51 F. 2d 392 (D.C. Fla., 1931), en el cual se citó el de *Sioux County* v. *Nat. Surety Co.*, 276 U.S. 238, que resuelve que el hecho de que en una ley de Nebraska se concedieran honorarios para ser impuestos "como parte de las costas", en acciones sobre contratos de garantía y de seguro, no significa que constituyan costas en el sentido ordinario y que no podían considerarse como costas bajo las secciones 823 y 824 de los Estatutos Revisados de Estados Unidos, en acciones en las cortes federales, sino que deben concederse en dichas cortes, al igual que en las del Estado, como parte de la sentencia.

Al mismo efecto véanse *Gants* v. *National Fire Ins. Co.*, 273 Pac. 406 (S.C. Kan., 1929); *State* v. *Barrs*, 99 So. 668 (S.C. Fla., 1924).

Es cierto que en el caso de *Missouri, Kansas & Texas Ry.* v. *Cade*, 233 U. S. 642,—citado por este Tribunal en *Feliciano* v. *P. R. Express Co.*, 67 D.P.R. 377, 380, para sostener la constitucionalidad de la Ley núm. 10 de 1917, enmendada por la núm. 17 de 1945 en tanto en cuanto concede honorarios de abogado a los obreros o empleados victoriosos y no a los patronos demandados que obtengan sentencia a su favor bajo dicha ley—se sostuvo que un estatuto que imponía honorarios de abogado razonables en una suma no mayor de $20 en relación con reclamaciones menores de $200, no impo-

nía una penalidad, diciéndose: "Claramente, el propósito es meramente requerir al demandado reembolsar al demandante *por una parte* de sus gastos no recobrables en otra forma como las 'costas del caso'. Hasta donde llega, impone sólo daños compensatorios a un demandado quien, a juicio de la legislatura, irrazonablemente dilata y resiste el pago de una justa reclamación." (Bastardillas nuestras.)

No es ésa la situación bajo la sección 205, supra, pues no se fija en el estatuto una suma mínima en la cuantía de los honorarios a que tiene derecho el inquilino como compensación parcial de los en que haya podido incurrir. La suma razonable de honorarios de abogado fijada por la corte bajo la sección 205 no es una de carácter compensatorio parcial sino aquélla a la cual, bajo todas las circunstancias concurrentes, tenga derecho el reclamante como una penalidad en adición a la suma de daños concedidos. Aun cuando también tiene derecho a las costas, propiamente dichas, éstas nunca han sido tomadas en consideración, que sepamos, para determinar la cuantía jurisdiccional.

Por otra parte, en el caso de *Williams* v. *Gibson*, 59 S.E. 2d 602 (S.C.N.C., 1950), se interpretó la sección 205, supra, en el sentido de que concedía al inquilino el derecho de recobrar contra el arrendador, además de las costas, dos partidas, a saber: (1) daños líquidos, y (2) honorarios de abogado razonables; que esta última partida era separable de la de los daños líquidos a opción del inquilino quien podía válidamente abandonarla por completo y reclamar del arrendador únicamente la partida de daños y que, en tal caso ". . . la jurisdicción de la corte en que se radique el pleito debe determinarse por la cuantía de los daños líquidos reclamados."

Arguye también la apelante que en todo caso el tribunal inferior abusó de su discreción al fijar los honorarios de abogado en $75, ya que en el caso de *Smallwood Bros.*, supra, se dijo que en una reclamación de $405, el 10 por ciento del importe en controversia era una suma razonable y que, de haberse concedido en el de autos un 10 por ciento de

$450, o sean $45, tampoco el total hubiera rebasado la cuantía jurisdiccional requerida. El *dictum* en el caso de *Smallwood Bros.* no constituye una norma inflexible para determinar la razonabilidad en la concesión de honorarios de abogado. Fué aquél un caso sencillo en cobro de un pagaré vencido, mientras que en el presente se plantearon, litigaron y resolvieron distintas cuestiones relacionadas con la Ley Federal de Alquileres. Escasamente puede sostenerse que los $75 concedidos no sean una suma razonable. En el caso de *Hamel* v. *Elliott*, 54 S.E.2d 688 (C.A. Ga., 1949), se resolvió que la corte no abusó de su discreción al conceder $20 de honorarios de abogado basados en una sentencia por $20 de daños bajo la sección 205, supra. En el caso de *Smith* v. *Scobee*, 42 N.W.2d 589 (S.C. Iowa, 1950), se sostuvo una concesión de $250 para honorarios de abogado cuando la cuantía de los triples daños fué de $310.70. No se cometió el primer error.

En el segundo señalamiento alega la apelante que erró la corte inferior al no declarar sin lugar la demanda por insuficiencia de la prueba y sostiene que no se probó que la demandante hubiera pagado a la demandada los sobreprecios que reclama. Carece de méritos el señalamiento. Tanto por las admisiones contenidas en la contestación de la demandada como por la prueba ofrecida por la demandante se demostró que ésta había efectuado los pagos de $75 por lo menos hasta el mes de febrero de 1949.

Por el tercero sostiene la apelante que el aumento que ella hizo de $60 a $75 en el alquiler de la vivienda era legal ya que la propiedad arrendada era utilizada como casa de huéspedes por la demandante y no como una sola unidad de vivienda.

Los hechos que el tribunal a quo consideró probados demuestran que la demandante, desde hacía más de diez años, tenía en arrendamiento el tercer piso del edificio ubicado en la calle Allen núm. 65 (hoy núm. 312); que dicho piso consta de diez habitaciones, incluyendo sala y comedor; que esta

propiedad pertenecía al Dr. I. González Martínez, quien era casado con la demandada, y al liquidarse la sociedad de gananciales entre ellos, se adjudicó la misma, entre otros bienes, a la demandada. En febrero de 1944 el piso que ocupa la demandante fué inscrito en la Oficina Federal de Inquilinato por el Dr. Jaime Bagué, quien para aquella fecha era el administrador judicial de los bienes de la sociedad de gananciales referida, habiéndole fijado dicha oficina un canon máximo de arrendamiento de $60 mensuales. En marzo 15, 1944, la demandante inscribió en la misma agencia federal siete habitaciones que dedicaba a alquiler en dicho piso a las cuales se les fijó distintos cánones de arrendamiento. Más tarde, el Lic. H. Torres Solá, abogado de la demandada, fué de opinión que la demandada podía aumentar el canon de arrendamiento a la demandante, sin que mediara orden al efecto de la Oficina Federal de Inquilinato porque el piso se dedicaba a un negocio y al efecto el 5 de septiembre de 1945 la demandada, por conducto de dicho abogado, notificó por escrito a la demandante que desde el 1ro. de octubre de 1945 dicho canon sería $75 mensuales. Desde esa fecha hasta el mes de marzo de 1949 la demandada cobró a la demandante dicha suma. Además, el 18 de marzo de 1948 la demandante y su concubino firmaron con la demandada un contrato de arrendamiento por el referido piso fijándose como canon los mismos $75 mensuales. La demandante entonces se querelló del aumento ante la Oficina del Acelerador de Viviendas y esta oficina en 8 de marzo de 1949, por conducto de su abogado, notificó a la demandada que el canon máximo legal de la vivienda era el de $60 mensuales, el cual nunca había sido alterado y que debía abstenerse de cobrar uno mayor.

■ Arguye la apelante que por el hecho de habérsele fijado por la O.P.A. el canon de arrendamiento a las siete habitaciones de la vivienda a petición de la demandante, podía la dueña exigir el pago de un canon mayor de $60, siempre y cuando éste no sobrepasara la suma total de los alquileres

fijados a las habitaciones y cita especialmente el caso de *Martino* v. *Holzworth*, 158 F.2d 845 (C.C.A. 8, 1947), para sostener su contención. Aun aceptando, sin resolverlo, que el Reglamento núm. 28 objeto de interpretación en dicho caso fuera aplicable a Puerto Rico en octubre de 1945 cuándo la demandada hizo el aumento en el alquiler, nada encontramos en dicha decisión que diga que un arrendador está facultado, sin la intervención de la oficina de alquileres correspondiente, a aumentar el canon de arrendamiento fijado a una vivienda por el hecho de que la arrendataria la dedicara a casa de huéspedes. Tampoco el hecho de que la O.P.A. hubiera fijado los cánones de arrendamiento a las habitaciones, a petición de la demandante, relevaba a la demandada del deber de acudir a dicha oficina para obtener que se fijara un, aumento a la vivienda. El caso de *Govan* v. *Municipal Bond & Mortgage Corporation*, 72 F.Supp. 215 (D.C. Fla., 1945), también citado por la apelante, es claramente distinguible del presente. Allí el dueño tenía inscrita la vivienda con una renta específica y posteriormente el mismo dueño dividió la vivienda en dos unidades y efectuó nuevas inscripciones en la O.P.A. fijándoles las rentas correspondientes. Aquí la apelante sin intervención o autorización de la O.P.A. realizó el aumento y eso no podía hacerlo—*Woods* v. *Dodge*, 170 F.2d 761, 763 (C.A. 1, 1948)—no obstante el consejo de su abogado. Para evitar conflictos de esta naturaleza y el peligro de incurrir en violación de la ley o de sus reglamentos es que existe la Oficina del Acelerador de Viviendas y no pueden los arrendadores, por su propia cuenta, determinar si están o no sujetos a las disposiciones de los mismos. *Cf. Medina* v. *Hato Rey Realty Co.*, supra.

No se cometió este error y tampoco el último señalado al efecto de que erró el tribunal al no declarar que, en todo caso, la violación no fué una voluntaria (*willfull*) ni el resultado de haber dejado la demandada de tomar precauciones adecuadas para evitar violaciones de la ley.

Se predica este señalamiento en el *disponiéndose* de la sección 205, supra, que dice que "la cantidad de tales daños líquidos será la cantidad o cantidades que se hayan cobrado de más si el demandado prueba que la infracción no fué ni voluntaria ni el resultado de dejar de tomar precauciones razonables para que no ocurriera la infracción."

Arguye la apelante que habiendo ella actuado al aumentar el canon por consejo de su abogado, Lic. Torres Solá, ese hecho es suficiente para demostrar que no actuó voluntariamente ni dejó de tomar las precauciones razonables para evitar violar la ley, según dispone la sección 205. No estamos de acuerdo. Sería ésta la forma más fácil para un arrendador librarse de las consecuencias de un aumento no autorizado en la renta máxima fijada por la autoridad competente. Una sencilla consulta a la Oficina de Alquileres hubiera puesto a la demandada sobre aviso de que no podía hacer el aumento por su cuenta.

*Debe confirmarse la sentencia.*