Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| MARÍA T. VELILLA SOTOMAYOR<br><br>Recurrida<br><br>V.<br><br>IVÁN R. SOTOMAYOR SERRA<br><br>Peticionario | KLCE202400833 | Recurso de *Certiorari* procedente del Tribunal Municipal, Tribunal de Primera Instancia de San Juan, Sala Especializada de Violencia Doméstica<br><br>Caso Núm.:<br>OPA-2024-042310<br><br>Sobre:<br>Orden de Protección-Violencia Doméstica |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

**-I-**

Comparece el Sr. Iván R. Sotomayor Serra (en adelante, señor Sotomayor Serra o peticionario), mediante el recurso de *certiorari* y solicita que revisemos una *Resolución* emitida el 13 de junio de 2024 por el Tribunal de Primera Instancia, Sala Municipal de San Juan (TPI).[1] Dicha determinación tuvo el efecto de denegar la *Moción Para Que Se Imponga Pago a la Peticionaria De Honorarios de Abogado Al Palio de la Regla 44.1* presentada por el señor Sotomayor Serra el 7 de junio de 2024, luego de que el 31 de mayo de 2024 el foro primario denegase la solicitud de una orden de protección solicitada por la Sra. María T. Velilla Sotomayor (señora Velilla Sotomayor o recurrida) al amparo de lo dispuesto en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como la Ley para la Prevención e

---

[1] Apéndice del *Certiorari*, pág. 29. Archivada y notificada el mismo día.

Intervención con la Violencia Doméstica, 8 LPRA sec. 601 y siguientes.[2]

Insatisfecho con lo dispuesto en la *Resolución*, el 28 de junio de 2024 el peticionario presentó una *Moción de Reconsideración y en Solicitud de Fundamento en Derecho.*[3] Mediante Resolución emitida y notificada el 8 de julio de 2024 el TPI declaró no ha lugar la antedicha solicitud de reconsideración.[4] Aún inconforme, el peticionario acude ante nos formulando el siguiente señalamiento de error:

> Erró el Honorable Tribunal Municipal al decretar No Ha Lugar a la solicitud de Honorarios de Abogado al Palio de la Regla 44.1 y según ya resuelto por este Honorable Tribunal de Apelaciones al Amparo de Caso #KLCE201801778.

En su sucinta discusión del señalamiento, el señor Sotomayor Serra se limitó a argumentar que el foro primario "erró en denegarle la imposición de los Honorarios de Abogados a favor del aquí compareciente ya que su decisión contraviene la regla 44.1 de Procedimiento Civil como lo resuelto por este Honorable Tribunal de Apelaciones al amparo del caso #KLCE201801778".

Por su parte, el 30 de agosto de 2024 la recurrida presentó su *Moción de Desestimación y/o Contestación al Recurso de Certiorari.* En síntesis, en dicha comparecencia la señora Velilla Sotomayor argumentó que la determinación sobre la imposición o no de honorarios de abogado es un asunto discrecional del foro primario al que debemos brindar deferencia excepto ante la existencia de un abuso de discreción. En cuanto al caso KLCE201801778 resuelto por un Panel Hermano el 31 de mayo de 2019, sostuvo que las circunstancias del mismo son distinguibles de aquellas que se configuran en el caso que nos ocupa. Ello, pues, según alegó, en el caso invocado por el peticionario para sostener su reclamo ante este foro se solicitó una orden de protección como instrumento

---

[2] Íd., págs. 18-21.
[3] *Íd.,* págs. 30-36.
[4] *Íd., pág. 37.,*

inapropiado con el propósito de recuperar unas pertenencias, mientras que la petición instada por la aquí recurrida y que da origen al caso que nos ocupa es parte de una serie de incidentes judiciales a consecuencia de lo que denominó "un patrón claro de violencia doméstica y un historial de órdenes de protección que cobija no solo a la recurrida, sino también a los menores entre las partes".[5] También arguyó que en nuestra jurisdicción los honorarios de abogado no forman parte de las costas, y que solo se pueden imponer luego de mediar una determinación de temeridad.

Con el beneficio de la comparecencia de ambas partes, resolvemos.

**-II-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los asuntos en los que se solicita la revisión de una determinación post sentencia, corresponde evaluar dicha solicitud al amparo de lo dispuesto en la Regla 40 del Reglamento de este Tribunal, la cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarias a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[5] *Moción de Desestimación y/o Contestación al Recurso de Certiorari,* pág. 3.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, trata sobre lo concerniente a la concesión de costas y honorarios de abogado. La referida regla dispone lo siguiente:

Regla 44.1. Las costas y los honorarios de abogados

(a) *Su concesión.* Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. [...]

(c) *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso ante el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. [...]

Cuando se revoque la sentencia del Tribunal de Primera Instancia la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con

el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo.

Respecto a los honorarios de abogado, la citada Regla establece:

(d) Honorarios de abogado. En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

Es meritorio resaltar que, respecto a las costas, los términos que establece esta regla son jurisdiccionales, por lo que el plazo de diez (10) días, tanto para presentar el memorando de costas como para oponerse al mismo, es improrrogable. El cumplimiento tardío al presentar el memorando priva al tribunal de autoridad para considerar y aprobar las costas reclamadas. *Rosario Domínguez v. E.L.A.*, 198 DPR 197 (2017); *Pereira v. IBEC*, 95 DPR 28 (1967); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2nd ed., Publicaciones JTS, 2011, T. IV, págs. 1270 y 1297.

El Tribunal Supremo ha establecido que la concesión de costas "tiene una función reparadora, ya que permite el reembolso de los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación". *Rosario Domínguez v. ELA,* 198 DPR 197, 211 (2017). Véase *Semidey et al. v. Fcia. Belmonte et al.*, 2023 TSPR 15, 211 DPR __ (2023); *ELA v. El Ojo de Agua Development,* 205 DPR 502, 527 (2020); *Maderas Tratadas v. Sun. Allience et al.*, 185 DPR 880, 934 (2012); *JTP Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). Esto, con el objetivo de no mermar el derecho de la parte prevaleciente de recobrar los gastos razonables asociados a los trámites incurridos, sin su culpa. *ELA v. El Ojo de Agua Development, supra*; *JTP Dev. Corp. v. Majestic Realty*

*Corp., supra.* El segundo objetivo de la aludida regla es tener el efecto disuasivo de desalentar la radicación de pleitos temerarios y superfluos. *JTP Dev. Corp. v. Majestic Realty Corp., supra.* De esta forma, una vez la parte prevaleciente reclama su pago, la imposición de costas a la parte perdidosa es mandatorio. *Semidey et al. v. Fcia. Belmonte et al., supra*; *ELA v. El Ojo de Agua Development, supra*, pág. 528; *Rosario Domínguez v. ELA, supra*, pág. 212. No obstante, la imposición de costas a la parte perdidosa no opera automáticamente, dado que la parte prevaleciente tiene que presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos, a tenor con la Regla 44.1 (b) de Procedimiento Civil, *supra*, R. 44.1 (b). *Íd.* Además, el tribunal tiene discreción de evaluar la razonabilidad y necesidad de los gastos detallados. *Semidey et al. v. Fcia. Belmonte et al., supra*; *Maderas Tratadas v. Sun. Allience et al., supra*, pág. 935. Empero, "[e]sta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso". *Semidey et al. v. Fcia. Belmonte et al., supra.* Pues, no todos los gastos ocasionados por el pleito son costas. *Andino Nieves v. AAA*, 123 DPR 712, 716 (1989); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 252 (1963). Las costas son aquellos gastos razonables que sean causa inmediata o directa del pleito. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan: Lexisnexis, 2017, pág. 427.

A su vez, no todos los gastos son recobrables, dado que sólo se recobran aquellos gastos necesarios y razonables para tramitar el pleito, más no así los gastos innecesarios, superfluos o extravagantes. *Semidey et al. v. Fcia. Belmonte et al., supra*; *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, 213 DPR __ (2023). **Además, no son recobrables como costas los honorarios de abogados, salvo una ley especial así lo disponga, ni los gastos ordinarios de oficina como los sellos postales, materiales de oficina, servicios**

**telefónicos y de mensajería, las transcripciones de récords de las vistas cuando se soliciten por conveniencia, entre otros**. *Íd.,* Véase también *Sucn. Arroyo v. Municipio, 81 DPR 434 (1959); García v. Sucn. Rodríguez, 61 DPR 612 (1943).*

**-C-**

Asimismo, tal y como fuera previamente transcrita, la Regla 44.1(d) de Procedimiento Civil, *supra*, R. 44.1 (d) aborda la concesión de honorarios de abogado. En este contexto, esta regla faculta a los tribunales a imponer el pago de una cuantía por concepto de honorarios de abogado, en casos donde cualquiera de las partes o sus abogados hayan procedido con temeridad o frivolidad. Es decir, la referida Regla requiere el elemento de *"temeridad"*, que nuestro Tribunal Supremo la ha definido como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia". *Jarra v Corp. v. Axxis Corp., 155 DPR 764, 779* (2001). Por ello, su propósito es penalizar al que con su conducta ha obligado a la parte adversa en un litigio a incurrir en gastos. *SLG Flores-Jiménez v. Colberg, 173 DPR 843, 866* (2008). Además, es importante mencionar que la imposición de honorarios por temeridad descansa en la sana discreción de los tribunales. *Torres Montalvo v. García Padilla*, 194 DPR 760, 790 (2016).

**-III-**

Sostiene el peticionario que el foro primario erró al denegar la imposición de los honorarios de abogado a su favor en contravención de lo dispuesto en la Regla 44.1 de Procedimiento Civil, *supra*. También argumentó que dicha conclusión era contraria a lo resuelto por un Panel Hermano de este Tribunal en el caso KLCE201801778.

Respecto a la solicitud de imposición de honorarios de abogado, tal y como se ha consignado previamente, ello procedería únicamente tras la determinación por parte del Tribunal sentenciador de que una parte ha actuado con temeridad.

Examinadas las resoluciones del foro primario, a pesar de los planteamientos reiterados del peticionario, observamos que las mismas carecen de dicha determinación de temeridad. Ante tal circunstancia, no procedía la imposición del pago de honorarios de abogado a la parte recurrida. De otra parte, un examen del expediente refleja que lo que pretende recobrar el peticionario son los honorarios aparentemente pactados con su abogado, expensas que, conforme fuera discutido anteriormente, tampoco serían recobrables como costas.[6]

Por último, y en cuanto lo resuelto por un Panel Hermano en el caso KLCE201801778 como fundamento para que revisemos la determinación del TPI, basta con señalar que, contrario a las Opiniones emitidas por el Tribunal Supremo de Puerto Rico, las determinaciones de otros paneles de este Tribunal carecen de carácter vinculante excepto para las partes del caso específico allí resuelto.

Evaluada la posición de las partes en cuanto al señalamiento de error esgrimido por el peticionario, así como la normativa aplicable, resolvemos que no surge del expediente del caso ante nuestra consideración un proceder del TPI que amerite nuestra intervención, por lo que resolvemos que no se cometió el error señalado por el peticionario y que no se reúnen los requisitos para que expidamos el auto solicitado.

**-V-**

Por los fundamentos que anteceden, denegamos la expedición de auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase págs. 25-28 del Apéndice del recurso.